## Eugene Hayden, Appellant, v. Independence J. Miller, Appellee.

### Gen. No. 6,357.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Eugene Hayden, plaintiff, against Independence J. Miller, defendant, to recover the sum of $725 which the plaintiff claims was borrowed from him by the defendant in four separate items. From a judgment for $50 for one of such items, plaintiff appeals.

JOHN B. KING and LEO G. HANA, for appellant.

DAILEY & MILLER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 253*—*when weight of evidence is question for jury.* In an action to recover money borrowed in various items, where plaintiff testified that none had been paid and the defendant testified that all but one item of $50 had been paid, and where the verdict was for $50 and plaintiff appealed, *held* that the weight of evidence could only be determined by passing on the question as to which of the parties was more worthy of belief, and that this was a question for the jury.

2. APPEAL AND ERROR, § 1411*—*when verdict based on conflicting evidence not disturbed as against weight of evidence.* In an action to recover money borrowed in four items, where the plaintiff and the defendant testified diametrically opposite to each other on the ques-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion of payment of three of the items, *held* that the court could not say that the verdict for plaintiff for only one of the items was against the weight of the evidence, nor that the jury should have believed the plaintiff instead of the defendant.

3. EVIDENCE, § 475*—*what constitutes preponderance of.* It does not follow as a matter of law that because two witnesses testify diametrically opposite each other concerning a matter in dispute that there is no preponderance of the evidence, but the preponderance is established when it is legally ascertained which of the two witnesses testified to the truth.

4. INSTRUCTIONS, § 50*—*when instruction on credibility of witnesses not erroneous.* In an action to recover borrowed money, where the testimony of plaintiff and defendant as to the payment of various items was diametrically opposite, *held* that an instruction concerning the credibility of witnesses and the testimony of parties to the suit, although peculiar in language and not free from criticism, was not erroneous and could not have misled the jury.